IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID L. MILLER, JR., <br><br> Movant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | No. 14-3106-21-CR-S-MDH |

## GOVERNMENT'S RESPONSE IN OPPOSTION TO MOVANT'S MOTION TO REDUCE SENTENCE (D.E. 1368)

The plaintiff, the United States of America, provides the following suggestions in opposition to defendant David L. Miller, Jr.'s (hereinafter, "Miller") motion to modify or reduce his sentence by awarding him 22 months of jail-time credit:

### I. Summary

Miller, who is serving a 138-month sentence for conspiracy to distribute methamphetamine, has filed a motion to reduce his sentence, seeking credit for the 22 months he spent in federal custody following the issuance of a writ of habeas corpus that temporarily transferred him from state to federal custody.

This Court, however, has no jurisdiction to reduce or otherwise modify a sentence that has been final for over three years. This Court also does not have the authority to grant jail-time credit to Miller. Rather, that is the exclusive duty of the Federal Bureau of Prisons (BOP). If, after exhausting his available administrative remedies as he claims, Miller remains unsatisfied with the BOP's award of jail-time credit, he can appeal that decision by filing a motion for a writ of habeas corpus under 28 U.S.C. § 2241 in the federal district court where he is currently confined, in

Alabama. Such efforts will likely be unsuccessful, because Miller is not entitled to federal credit for the pre-sentence jail time he accumulated while he was in custody serving a state sentence. In any event, Miller's instant motion must be denied.

## II. Procedural History

On August 3, 2015, United States Magistrate Judge David P. Rush issued a writ of habeas corpus *ad prosequendum* directed to the Warden of Algoa Correctional Center, to bring Miller before the United States District Court. Miller was confined at the Missouri Department of Corrections, Jefferson City, Missouri, on a state conviction. (D.E. 333.)

Miller, on March 3, 2016, pled guilty, through a written plea agreement, to Count 1 of the Second Superseding Indictment charging him with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). (D.E. 543, 544.) On March 17, 2017, the final Presentence Investigation Report (PSR) was filed, indicating that Miller's base offense level, after acceptance of responsibility, for Count 1 was 37, with a criminal history category of VI. (PSR ¶ 99). Miller's presentence investigative report indicated that his sentencing range was 360 months to life. (PSR ¶ 100). The statutory minimum sentence in his case for Count 1 was 20 years. (PSR ¶ 98).

The government filed a motion for downward departure. (D.E. 992.) On June 30, 2017, this Court sentenced Miller to 138 months' imprisonment, to run concurrent with his state sentence, followed by 10 years' supervised release. (D.E. 1005.) Miller did not appeal. On February 19, 2021, Miller filed the instant motion requesting he be granted 22 months' credit for the time he spent in federal custody following the issuance of a writ of habeas corpus that temporarily transferred him from state to federal custody. The government's response follows.

2

## III. Argument and Authorities

Miller has filed a motion asking this Court to reduce his sentence by 22 months, by awarding him jail-time credit, which represents the time Miller calculates he was in federal custody on a writ of habeas corpus *ad prosequendum* awaiting federal sentencing. (D.E. 1368.)

This Court, however, has no authority to grant Miller the relief he seeks. To begin with, Miller's conviction became final on or about July 14, 2017, when Miller was sentenced to 138 months' imprisonment and he did not appeal from that judgment. Thus, this Court is without jurisdiction to grant Miller the relief he seeks because it is the BOP, not this Court, which decides the question of pre-sentence jail-time credit. *United States v. Wilson*, 503 U.S. 329, 333-35 (1992) (district court is not authorized, at sentencing, to compute credit for time served); *United States v. Ezell*, 587 Fed.Appx. 995 (8th Cir. 2014) (same); *United States v. Hill*, 346 Fed.Appx. 134, 135 (8th Cir. 2009) (Attorney General, acting through the BOP, computes amount of jail-time credit to be awarded after defendant begins serving his sentence).

This Court, then, "lack[s] authority to award such credit" to Miller. *Hill*, *id.* Although Miller argues that his federal sentence should have started to run as soon as he was taken into federal custody, "[o]nly the BOP has the authority to determine when a federal sentence commences." *United States v. Hayes*, 535 F.3d 907, 910 (8th Cir. 2008). "Prisoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10-542.16, and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241. These are the proper avenues through which [a movant] may resolve any dispute about the length of his time in state custody." *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) (internal citations omitted).

3

Miller's remedy is to request the BOP to award him the credit he seeks. *Id.* And before Miller can litigate this issue in any district court, he is required to have exhausted his administrative remedies with the BOP. *United States v. Callahan*, 800 F.3d 422 (8th Cir. 2015); *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009); *Hayes*, 535 F.3d at 909-10. Once Miller's administrative remedies have been exhausted, Miller may challenge the BOP's jail-time decision by a writ of habeas corpus under 28 U.S.C. § 2241, in the district in which Miller is currently confined, rather than the district of conviction. *United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000). Miller is currently incarcerated at FCI Talladega in Alabama and should file a motion under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Alabama. This Court, however, lacks jurisdiction to entertain Miller's claim.

## IV. Conclusion

This Court has no jurisdiction to reduce or otherwise modify Miller's sentence. Therefore, Miller's motion to modify or reduce his sentence must be denied without further proceedings.

Respectfully submitted,

TERESA A. MOORE
Acting United States Attorney

By  */s/ Randall D. Eggert*

RANDALL D. EGGERT
Assistant United States Attorney
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
Telephone: (417) 831-4406

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was delivered on March 5, 2021, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record, and mailed to:

> David L. Miller, Jr.
> Reg. No. 28082-045
> FCI Talladega
> Federal Correctional Institution
> P.M.B. 1000
> Talladega, AL 35160

                                  */s/ Randall D. Eggert*
                                  Randall D. Eggert
                                  Assistant United States Attorney